**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON M. FINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUICKEN LOANS, INC.,<br><br>　　　　　Defendant. | Case No. 2:20-cv-04394<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**NOW COMES** Jason M. Fine ("Plaintiff"), by and through his attorney, Nicholas M. Wajda ("Wajda"), complaining as to the conduct of Quicken Loans, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

1

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, Plaintiff resides in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is an online mortgage lender organized under the laws of the state of Michigan with its principal place of business located at 1050 Woodward Avenue, Detroit, Michigan. Defendant solicits consumers throughout the country to enroll in its mortgage lending services, including consumers in California.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In Around March 2019, Plaintiff began receiving constant calls and text messages from Defendant to his cellular phone, (206) XXX-7978.

2

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7978. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant has primarily used the phone number (313) 373-3000 when contacting Plaintiff's cellular phone. Upon information and belief, Defendant has used other numbers as well.

11. Upon information and belief, the aforementioned phone number ending in -3000 is regularly utilized by Defendant to make outgoing calls to consumers.

12. During answered calls, Plaintiff has been subjected to a significant pause, lasting several seconds in length, causing Plaintiff to say "hello" several times before being connected to a live representative.

13. Plaintiff was unaware of Defendant's purpose in contacting his cellular phone, as Plaintiff never signed up to receive calls or text messages from Defendant.

14. Upon speaking with one of Defendant's representatives, Plaintiff discovered that Defendant was attempting to contact and individual named "Dan."

15. Plaintiff has informed Defendant on numerous occasions that he is not "Dan," and requested via call and text that the contacts needed to cease.

16. Despite Plaintiff's demands, Defendant continued to regularly call and text Plaintiff's cellular phone.

17. Plaintiff has told Defendant to stop calling and texting him on numerous occasions. No matter how many times Plaintiff has told Defendant to stop calling and texting him, it has continued to place calls and send text messages to his cellular phone.

18. Defendant has also called Plaintiff's cellular phone multiple times during the same day.

19. Defendant has called and texted Plaintiff's cellular phone numerous times since Plaintiff demanded that it stop contacting him.

3

20. Frustrated over the persistent calls and texts, Plaintiff spoke with Sulaiman regarding his rights.

21. Plaintiff has been unfairly harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, and the fact that Plaintiff had to say "hello" several times before a live representative began to speak is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's constant contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

27. TCPA defines TFM as "equipment which has the capacity…to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

28. Upon information and belief, based on Defendant's frequency and content of the text messages, Defendants used a TFM.

29. Defendant violated the TCPA by placing numerous phone calls and text messages to Plaintiff's cellular phone, using an ATDS and a TFM, without his consent. Plaintiff did not provide Defendant with consent to contact him, but Defendant still called and texted Plaintiff's cellular phone without his permission. Furthermore, Defendant was put on notice that Plaintiff was not the intended target of the calls and text messages, but Defendant continued to call Plaintiff's cellular phone.

30. The calls placed by Defendant to Plaintiff were not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, JASON M. FINE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(d)**

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

37. Defendant violated the RFDCPA when it continuously called and texted Plaintiff's cellular phone after he notified it that he was the wrong person and to stop calling.

38. Moreover, Defendant was told more than once to stop calling and texting Plaintiff's phone.

39. Defendant disregarded these requests, and continued to calls to Plaintiff, numerous times, with the goal of annoying Plaintiff into paying the subject debt.

**b. Violations of RFDCPA § 1788.11(e)**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

41. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone despite his demands was unreasonable and harassing.

42. Furthermore, Defendant relentlessly contacted Plaintiff multiple times per day on numerous occasions. Placing such voluminous calls on the same day in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

43. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff JASON M. FINE respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

1
2  Date: May 15, 2020                                          Respectfully submitted,
3
                                                               By: */s/ Nicholas M. Wajda*
4
5                                                              Nicholas M. Wajda
                                                               **WAJDA LAW GROUP, APC**
6                                                              6167 Bristol Parkway
                                                               Suite 200
7                                                              Culver City, California 90230
                                                               Telephone: 310-997-0471
8                                                              Facsimile: 866-286-8433
                                                               E-Mail: nick@wajdalawgroup.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28